**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EUGENE SMITH,**
            **Plaintiff,**

**-vs-**                                    **Case No. 6:08-cv-1213-Orl-DAB**

**STATE OF FLORIDA DEPARTMENT OF CORRECTIONS, BARRY MACK, JEFFREY WAINWRIGHT, GERALD ABDUL-WASI, WALTER A. McNEIL,**
            **Defendants.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION [FOR LEAVE TO FILE] AMENDED COMPLAINT (Doc. No. 34)** |
| **FILED:** | **January 30, 2009** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**. Plaintiff is **ORDERED** to file a Third Amended Complaint by **March 15, 2009**. Plaintiff is admonished that this Third Amended Complaint must be complete within itself (not referring to any prior filings) and should clearly identify the statutory or other basis for each claim he is making against each Defendant. Plaintiff should not expect any further opportunities to amend his complaint except upon a showing of extraordinary cause.

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS AMENDED COMPLAINT (Doc. No. 31)** |
| **FILED:** | **January 27, 2009** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice as moot in light of the leave granted for Plaintiff to file an amended Complaint.

Plaintiff is suing Defendant State of Florida Department of Corrections for violations of the Family Medical Leave Act ("FMLA"). Defendants assert that Plaintiff cannot state a claim for relief against Defendant State of Florida Department of Corrections under the self-care provisions of the Family Medical Leave Act, because the Eleventh Amendment of the United States Constitution precludes such relief against states. Doc. No. 31 (citing *e.g., Brockman v. Wyoming Dep't of Family Servs.*, 342 F.3d. 1150, 1164 (10th Cir. 2003) (holding state immunity not abrogated for self-care provisions under the FMLA). Though the Court is not reaching the merits of the issues at this time, note should be taken of some of the governing case law.

However, the United States Supreme Court in *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721, 735-37 (2003) held that states' Eleventh Amendment immunity was abrogated for the *family-care provisions* of the FMLA. Although other circuit courts have held post-*Hibbs* that the decision did not alter earlier case law on the self-care provision, Defendants acknowledge that the Eleventh Circuit has not decided the issue following the Supreme Court's holding in *Hibbs*. Doc. No. 31 at 3.

The individual Defendants also argue that they would be entitled to qualified immunity for any civil rights claim Plaintiff might state. Doc. No. 31 at 3. The Supreme Court of the United States has held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *see also Lumley v. City of Dade City*, 327 F.3d 1186, 1193-94 (11th Cir. 2003) ("[q]ualified immunity protects government officials sued in their individual capacities as long as their

conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'").

The test for whether a governmental defendant is entitled to qualified immunity from liability in his individual capacity involves a two-step analysis. *Hope v. Pelzer,* 536 U.S. 730 (2002). Before applying the test, a government official first must demonstrate that "he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Rich v. Dollar,* 841 F.2d 1558, 1563-64 (11th Cir. 1988) (quoting *Zeigler v. Jackson,* 716 F.2d 847, 849 (11th Cir. 1983)). Plaintiff may allege that the individual Defendants were acting within the scope of their employment when they terminated him.

If the defendant satisfies this burden, the first prong of the test requires the plaintiff to show either that the official's actions "violated clearly established constitutional law" or a federal statute. *Id.; Saucier v. Katz,* 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* at 201; *Wood v. Kesler,* 323 F.3d 872, 878 (11th Cir. 2003) (quoting *Saucier,* 533 U.S. at 201). However, "if a constitutional right would have been violated under the plaintiff's version of the facts, 'the next, sequential step is to ask whether the right was clearly established.'" *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir. 2002).

Plaintiff may state a claim that Defendants' termination of him violated his due process rights if he had a constitutionally protected property interest in continued employment. *See Conley v. Board of Trustees of Grenada County Hosp.,* 707 F.2d 175, 182 (5th Cir. 1983). To establish denial of due process, a plaintiff must show that before termination he did not receive written notice of the reasons for termination and an effective opportunity to rebut those reasons. *Id.* (citation omitted).

Effective rebuttal means that the employee must be given an opportunity to respond in writing to the charges made and to respond orally before the official charged with the responsibility of making the termination decision. *Id.* A plaintiff may state a claim for violation of his procedural due process in connection with his dismissal and the district court must examine the adequacy of all remedies available to the dismissed employee, including arbitration and/or any possible state court relief in order to ascertain whether any other remedy available to the employee was so inadequate as to violate clearly established law. *See Bussinger v. City of New Smyrna Beach, Fla.*, 50 F.3d 922, 925-26 (11th Cir. 1995) (procedural due process claim would go forward where plaintiff alleged that city officials violated his procedural due process rights by failing to provide unbiased procedures through which he could grieve his constructive discharge claim and by failing to provide him with an adequate name-clearing hearing to protect his reputation).

> **MOTION:** **DEFENDANTS' MOTION TO EXTEND TIME TO CONDUCT MEDIATION (Doc. No. 35)**
>
> **FILED:** February 25, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** for 60 days. The Court will review the case schedule as issue is joined.

Plaintiff's Notice of Service (Doc. No. 36) and Defendants' Notice of Serving Initial Disclosures (Doc. No. 37) were filed in violation of Local Rule 3.03(e), which does not allow discovery to be filed with the Court unless part of a motion to compel or similar proceedings; thus, they are ordered **STRICKEN**. The Clerk is directed to delete the documents, and any response required to be filed because of the stricken documents will not be required and will also be stricken and deleted.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record